## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DISPLAY TECHNOLOGIES LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**GIBSON INNOVATIONS USA, INC.,**<br><br>Defendant. | Civil Action No. 17-cv-1426-RGA<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED**<br><br>Amended Complaint filed:<br>December 13, 2017 |

## DEFENDANT GIBSON INNOVATIONS USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST <u>AMENDED COMPLAINT</u>

February 5, 2018

OF COUNSEL:

BATES & BATES, LLC

Andrea E. Bates (*Pro Hac Vice*)
Kurt W. Schuettinger (*Pro Hac Vice*)
1890 Marietta Boulevard NW
Atlanta, GA 30318
(404) 228-7439
abates@bates-bates.com
kschuettinger@bates-bates.com
*Attorneys for Defendant Innovations Brands, Inc.*

FERRY JOSEPH, P.A.

/s/ Rick S. Miller
Rick S. Miller (#3418)
824 Market St., Suite 1000
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
rmiller@ferryjoseph.com
*Attorney for Defendant Innovations Brands, Inc.*

## TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDINGS ................................................. 1

II.   SUMMARY OF ARGUMENT ........................................................................... 1

III.   STATEMENT OF FACTS ................................................................................ 2

IV.   LEGAL STANDARDS ..................................................................................... 4

    A.   Motion to Dismiss Standard ................................................................. 4

    B.   Patent-Eligibility Standard Under 35 U.S.C. § 101 ............................. 5

    C.   Determination of whether the '723 Patent is patent-ineligible under 35 U.S.C.
        § 101 is ripe for determination at the pleading state ........................... 6

V.   ARGUMENT AND CITATION TO AUTHORITY ................................................ 6

    A.   The '723 Patent is Patent-Ineligible Under U.S.C. § 101 because it covers an
        abstract idea ......................................................................................... 7

        1.   Like the '723 Patent, Courts have found patents that cover the
            transfer of content between computers as abstract ......................... 8

        2.   The '723 Patent's Claims are abstract as they recite limitations in
            purely functional terms ................................................................. 11

        3.   The '723 Patent's claims are abstract because they cover well-
            known or fundamental concepts ..................................................... 12

    B.   The '723 Patent's claims fail to recite an inventive concept ............. 13

    C.   The '723 Patent's Claims are unduly preempting the use of placing two
        electronic devices in communication over computer network ...................... 17

    D.   The Dependent Claims of the '723 Patent are patent-ineligible ................ 18

VI.   CONCLUSION ............................................................................................ 20

## TABLE OF AUTHORITIES

### CASES

*Affinity Labs of Texas, LLC v. Amazon.com Inc.*

838 F.3d 1266 (Fed. Cir. 2016) ....................................................................1,9,10,11,13,15,16,19

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*

838 F.3d 1253 (Fed. Cir. 2016) .....................................................................................9,10,11,12

*Alice Corp. Pty. v. CLS Bank Int'l,*

134 S. Ct. 2347, 189 L. Ed. 2d 296 (2014) .........................................................5,6,7,13,15,17,18

*Bancorp Servs., LLC v. Sun Life Assur. Co. of Canada (U.S.)*

687 F.3d 1266 (Fed. Cir. 2012) ................................................................................................ 17

*Bell Atl. Corp. v. Twombly*

550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ...............................................................4

*Bilski v. Kappos*

561 U.S.  593 S.Ct. 3218 (2010) ........................................................................................5,14,17

*Callwave Commc'ns, LLC v. AT & T Mobility*

207 F. Supp. 3d 405 (D. Del. 2016) ...........................................................................................7

*CLS Bank Int'l v. Alice Corp. Pty, Ltd.*

717 F. 3d 1269 (Fed.Cir.2013)....................................................................................................5

*Content Extraction & Transmission LLC v. Wells Fargo Bank,*

776 F.3d 1343 (Fed. Cir. 2015) ............................................................................................ 6,17

*Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.,*

558 F. App'x 988 (Fed. Cir. 2014)..............................................................................................6

*CyberSource*

654 F.3d at 1370 ..................................................................................................................... 19

ii

*Edwards v. A.H. Cornell & Son, Inc.*

    610 F.3d 217 (3d Cir.2010) ........................................................................5

*Elec. Power Grp., LLC v. Alstom S.A.,*

    830 F.3d 1350 (Fed. Cir. 2016) ............................................................... 18

*EMG Tech., LLC v. Etsy, Inc.,*

    2017 WL 780648 (E.D. Tex. Mar. 1, 2017) ............................................. 18

*Enfish, LLC v. Microsoft Corp.*

    822 F.3d 1327 (Fed. Cir. 2016) ..................................................................8

*Erickson v. Pardus*

    551 U.S. 89, 127 S.Ct. 2197 (2007) ..........................................................5

*FairWarning IP, LLC v. Iatric Sys., Inc.*

    839 F.3d 1089 (Fed. Cir. 2016) ............................................................... 13

*Fowler v. UPMC Shadyside*

    578 F.3d 203 (3d Cir.2009) ........................................................................5

*Kost v. Kozakiewicz*

    1 F.3d 176 (3d Cir.1993) ............................................................................4

*Intellectual Ventures I LLC v. Erie Indem. Co.,*

    850 F.3d 1315 (Fed. Cir. 2017) ........................................................... 12,14

*Intellectual Ventures I LLC v. Manufacturers & Traders Tr. Co.,*

    76 F. Supp. 3d 536 (D. Del. 2014) ......................................................... 5,6

*Intellectual Ventures I LLC v. Symantec Corp.*

    838 F.3d 1314 ....................................................................................... 13,14

*Internet Patents Corp. v. Active Network, Inc.*

    790 F.3d 1343 (Fed. Cir. 2015) ..................................................................7

*Landmark Tech., LLC v. Assurant, Inc.*

    2015 WL 4388311, at *4 (E.D. Tex. July 14, 2015) ................................................................7

*Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.,*

    811 F.3d 1314 (Fed. Cir. 2016) ............................................................................... 10,19

*OIP Techs., Inc. v. Amazon.com, Inc.,*

    788 F.3d 1359 (Fed. Cir. 2015) ............................................................................... 1,6,18

*Oshiver v. Levin, Fishbein, Sedran & Berman*

    38 F.3d 1380 n.2 (3d Cir.1994) ....................................................................................5

*SiRF Tech., Inc. v. INt'l Trade Comm'n*

    601 F.3d 1319 (Fed. Cir. 2010) ................................................................................. 17

*Sound View Innovations, LLC v. Facebook, Inc.*

    204 F. Supp. 3d 655 (D. Del. 2016) ..............................................................................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*

    551 U.S. 308, 127 S.Ct.2499, 168 L.Ed.2d 179 (2007) ................................................5

*TLI Comm'ns LLC Patent Litig.*

    823 F.3d 607 (Fed. Cir. 2016) ............................................................ 8,9,10,12,13,19

*Ultramercial, Inc. v. Hulu, LLC,*

    772 F.3d 709 (Fed. Cir. 2014) ...................................1,6,8,9,10,11,13,14,15,18,19,20

## STATUTES

35 U.S.C. § 101 ........................................................................................................ Passim

## RULES

Fed. R. Civ. P. 8(a) .......................................................................................................5

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1,4,5

## OTHER AUTHORITIES

U.S. Patent No. 9, 300, 723 ("the '723 Patent")................................................................. Passim

I.    **NATURE AND STAGE OF THE PROCEEDINGS**

Display Technologies, LLC's ("Display") filed its First Amended Complaint on December 13, 2017, asserting Defendant Gibson Innovations USA, Inc. ("Innovations") infringed Display's U.S. Patent No. 9, 300, 723 ("the '723 Patent").   The '723 Patent is attached as Exhibit A to the First Amended Complaint.   [D.I. 9.]   Innovations moves to dismiss the First Amended Complaint under Fed. R. Civ. Pro. 12(b)(6) because all the asserted claims are invalid under 35 U.S.C. § 101.[1]   This is Innovations' Opening Brief in support of that motion.

II.   **SUMMARY OF ARGUMENT**

The present Motion to Dismiss requests this Court dismiss Display's First Amended Complaint with prejudice because the claims of the '723 Patent are patent-ineligible under 35 U.S.C. § 101. The '723 Patent is patent-ineligible because it claims the abstract idea of establishing a communication link between two electronic devices, such that a security measure (like a password, firewall, etc.) associated with one of the devices can be bypassed. Specifically, claim 12 of the '723 Patent at its core is simply placing two electronic devices in communication over a computer network.   Placing electronic devices in communication via a computer network is not new.   In fact, this technology has existed for decades. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 717 (Fed. Cir. 2014)("Any transformation from the use of computers or the transfer of content between computers is merely what computers do and does not change the analysis."); *see also Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266 (Fed. Cir. 2016) ("[i]t is not debatable, however, that the

---

[1] The Federal Circuit has held that invalidity under § 101 can be properly adjudicated on a motion to dismiss.   *See OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1364 (Fed. Cir. 2015) (affirming motion to dismiss because patents did not claim eligible subject matter.)

delivery of media content to electronic devices was well known long before the priority date of the '085 patent[.]").

As the '723 Patent claims are an abstract idea, it must recite an "inventive concept" that would make the abstract idea patentable.  The '723 Patent's claims, however, fail to recite an "inventive concept" because they merely describe generic technological elements and do not add anything to what could be performed before since: (1) the delivery of media content to electronic devices was well known prior to the '723 Patent and (2) users could manually bypass any security system associated with their two devices prior to the '723 Patent.  Given the broad, functional features of the '723 Patent, the patent would preempt any use of placing two electronic devices in communication over a computer network.  Accordingly, Innovations requests this Court grant its Motion to Dismiss the First Amended Complaint with prejudice, as the '723 Patent is invalid on its face.

## III.   **STATEMENT OF FACTS**

On December 13, 2017, Display filed its First Amended Complaint against Innovations alleging that Innovations is infringing Display's '723 Patent entitled "Enabling Social Interactive Wireless Communications."  The First Amended Complaint alleges that Innovations is infringing "claims 12, 14, 16, 17, and 20 of the '723 Patent." [*See* First Amended Complaint at D.I. 9, ¶ 9.]  The '723 Patent purports to disclose "a digital media communication protocol structured to facilitate transferring and/or transmitting one or more digital media files to and/or from a media terminal and a media node via at least one interactive computer network."  [*See* '723 Patent at 1:16-21.]   Claim 12 is the only independent claim Display alleges that Innovations is infringing.  Claims 14, 16, 17, and 20 are dependent claims tied to Claim 12.

Independent Claim 12 recites:

12.  A media system configured to receive a media file from a wireless mobile device over communication network, comprising:

a wireless receiver;

a security measure; and

the media system disposed in an accessible relation to at least one interactive computer network that has a wireless range structured to permit authorized access to said at least one interactive computer network,

the wireless mobile device within said wireless range,
    wherein said wireless mobile device is detectable by said system,

at least one digital media file initially disposed on the wireless mobile device, said media system
    being structured to detect said wireless mobile device disposed within said wireless range,

a communication link structured to dispose said media system and said wireless mobile device
    in a communicative relation with one another via said at least one interactive computer network,

said communication link being initiated by said media system,

said wireless mobile device and media system being structured to transmit said at least one digital media file therebetween via said communication link, and

said communication link is structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system.

[*See* '723 Patent at 8:29-59.]

Dependent claims 14, 16, 17, and 20 stem from claim 12.  Dependent claim 14 recites the "media system of claim 12, wherein the transmission of the at least one digital media file from the wireless mobile device to the media system completely bypasses the security measure."  [*See* '723 Patent at 8:62-65.]  Dependent claim 16 recites the "media system of claim 12, wherein the media system is an audio system." [*See* '723 Patent at 9:1-2.] Dependent claim 17 recites the "media system of claim 12, wherein the communication link

3

is at least one of a peer-to-peer connection, blue-tooth connection, and a WiFi connection." [*See* '723 Patent at 9:1-2.]  Finally, dependent claim 20 recites the "media system of claim 12, wherein the at least one media file is provided by the wireless mobile device."  [*See Id.* at 9: 12-13.]

Claim 12 merely recites a system for transmitting a digital media file from a media node to a media terminal over a communication link.  The generic technological elements of the claim such as "media system," "media terminal," "interactive computer network," "media node," "wireless range," "authorized access," "digital media file," "communication link," and "security measure" individually, or collectively do not transform the abstract idea into something more.  [*See* '723 Patent at Claim 12.]  In sum, independent claim 12 does not recite patentable subject matter because it is directed to the abstract idea of placing electronic devices in communication via a computer network, and the claim does not contain an inventive concept to transform the abstract idea to patent-eligible subject matter. [*See Id.*]

Consequently, this Court should grant Innovations' Motion to Dismiss under Section 101 because the '723 Patent claims at issue in this case are directed to an abstract idea and lack an inventive concept.

## IV.    LEGAL STANDARDS

### A.    Motion to Dismiss Standard.

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 545, 127 S.Ct. 1955 (internal quotation marks

omitted) (interpreting Fed. R. Civ. P. 8(a)).  The Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion.  *Edwards v. A.H. Cornell & Son, Inc.,* 610 F.3d 217, 219 (3d Cir.2010); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009).

First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions.  *Fowler,* 578 F.3d at 210–11.  Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a plausible claim for relief."  *Id.* at 211.  [Internal Citation Omitted.]  As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff.  *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384–85 n. 2 (3d Cir.1994).

**B.**     **Patent-Eligibility Standard Under 35 U.S.C. § 101**.

Under 35 U.S.C. § 101, claims that cover "laws of nature, natural phenomena, and abstract ideas" are not eligible for patent protection."  *See Alice Corp. Pty. v. CLS Bank Int'l,* 134 S. Ct. 2347, 2355, 189 L. Ed. 2d 296 (2014) ("*Alice*").  Patent-eligibility under Section 101 is a "threshold test."  *Bilski v. Kappos,* 561 U.S. 593, 602 130 S.Ct. 3218, 177 L.Ed.2d 792 (2010) ("*Bilski*").  Consequently, whether a claim is drawn to patent-eligible subject matter under 35 U.S.C. § 101 is a threshold inquiry to be determined as a matter of law in establishing the validity of the patent.  *CLS Bank Int'l v. Alice Corp. Pty, Ltd.,* 717 F.3d 1269, 1277 (Fed.Cir.2013); *Intellectual Ventures I LLC v. Manufacturers & Traders Tr. Co.,* 76 F. Supp. 3d 536, 540 (D. Del. 2014).

**C.**   **Determination of whether the '723 Patent is patent-ineligible under 35 U.S.C. § 101 is ripe for determination at the pleading stage.**

When patent claims on their face are plainly directed to an abstract idea, a court may properly assess patent-eligibility under § 101 at the pleading stage.  *See OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1364 (Fed. Cir. 2015); *see also Content Extraction & Transmission LLC v. Wells Fargo Bank*, 776 F.3d 1343, 1347 (Fed. Cir. 2015); *see also Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715–16 (Fed. Cir. 2014).  In addition, "there is no requirement that the district court engage in claim construction before deciding § 101 eligibility."  *See Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 F. App'x 988, 992 n.1 (Fed. Cir. 2014); *see also Intellectual Ventures I LLC v. Manufacturers & Traders Tr. Co.*, 76 F. Supp. 3d at 544 ("The court concludes that it may proceed on a § 101 analysis, as the parties' arguments are not focused on specific claim limitations, but instead on the broader concepts of the claims and the computer components used.")

Consequently, Innovations' Motion to Dismiss Display's First Amended Complaint because the claims of the '723 Patent are patent-ineligible under 35 U.S.C. § 101 is ripe for determination.

**V.   ARGUMENT AND CITATION TO AUTHORITY**

Under 35 U.S.C. § 101, claims that cover "'laws of nature, natural phenomena, and abstract ideas' are not eligible for patent protection.'"  *See Alice*, 134 S. Ct. at 2355.  Section 101 of the Patent Act defines patent-eligible subject matter.  It provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."  35 U.S.C. § 101. The Supreme Court has recognized an implicit exception for three categories of subject matter not eligible for

patentability—laws of nature, natural phenomena, and abstract ideas. *Alice*, 134 S.Ct. 2347 at 2354.

In *Alice,* the Supreme Court identified a two-step "framework for distinguishing patents that claim" "abstract ideas from those that claim patent-eligible applications of those concepts." *Id.* at 2355. First, a court must determine whether the claim is "directed to" a patent-ineligible concept such as an abstract idea. *Id.* at 2355. "If the answer is yes, the court must look to 'the elements of the claim both individually and as an 'ordered combination' to see if there is an 'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Callwave Commc'ns, LLC v. AT & T Mobility*, 207 F. Supp. 3d 405, 409 (D. Del. 2016); (citing *Alice*, 134 S.Ct. at 2355.)

A.   **The '723 Patent is Patent-Ineligible under 35 U.S.C. § 101 because it covers an abstract idea.**

Under *Alice's* first step, "the claims are considered in their entirety to ascertain whether their character as a whole is directed to excluded subject matter." *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015). "[T]the court looks to the character of the invention and the general purpose of the claim." *See Landmark Tech., LLC v. Assurant, Inc.*, No. 6:15-CV-76-RWS-JDL, 2015 WL 4388311, at *4 (E.D. Tex. July 14, 2015).

In the present case, the character and general purpose of the relevant claims of the '723 Patent at its core is simply placing two electronic devices in communication over a computer network.   As addressed below, the '723 Patent is abstract because: (1) Courts have found patents like the '723 Patent that cover the transfer of content between computers as abstract; (2) the '723 Patent's claims are abstract as they recite limitations in

7

purely functional terms; (3) and the '723 Patent's claims are abstract because they cover well-known or fundamental concepts.

      **1.**     **Like the '723 Patent, Courts have found patents that cover the transfer of content between computers as abstract.**

To evaluate whether an invention is directed to an "abstract idea," courts "compare claims at issue to those claims already found to be directed to an abstract idea in previous cases." *Sound View Innovations, LLC v. Facebook, Inc.*, 204 F. Supp. 3d 655, 659 (D. Del. 2016) (citing *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016)). In addressing computer-implemented patents, the court in *In re TLI Communications LLC Patent Litigation*, 823 F.3d 607, 610 (Fed. Cir. 2016) contrasted claims that are directed to an improvement in the functioning of a computer with claims that "simply add[ ] conventional computer components to well-known business practices" or consist only of "generalized steps to be performed on a computer using conventional computer activity." *Id.* at 612.

The claims in *TLI* were not directed to an improvement in computer functionality, but were directed to "the use of conventional or generic technology in a nascent but well-known environment." *Id.* The court explained that the specification "does not describe a new telephone, a new server, or a new physical combination of the two," but instead "describes the system and methods in purely functional terms." *Id.* Thus, the court concluded, the claims "are not directed to a solution to a 'technological problem.'" *Id.* at 613.

Another case involving a similar abstract idea is *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 (Fed. Cir. 2014). The patent at issue in that case was drawn to a method for distributing copyrighted content over the Internet, in which a consumer would be given access to copyrighted material in exchange for viewing an advertisement, and the advertiser would pay for the copyrighted content. The court held that "[t]he process of receiving copyrighted media, selecting an ad, offering the media in exchange for watching the selected

ad, displaying the ad, allowing the consumer access to the media, and receiving payment from the sponsor of the ad all describe an abstract idea, devoid of a concrete or tangible application." *Id.* at 715.   The Court added that "[a]ny transformation from the use of computers or the transfer of content between computers is merely what computers do and does not change the analysis." *Id.* at 717.

Similarly, in *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253 (Fed. Cir. 2016), the Court held the patent claimed an abstract idea where it claimed "the general concept of out-of-region delivery of broadcast content through the use of conventional devices, without offering any technological means of effecting that concept." *Id.* at 1262.  In comparing the technology in *TLI* and *Ultramercial* with that in *Affinity Labs*, the Court stated:

> Although the technology at issue in this case differs from that involved in *TLI* and *Ultramercial*, the analysis of the "abstract idea" step in those cases is instructive here. **As in those cases, the patent in this case involves the conveyance and manipulation of information using wireless communication and computer technology.** While the inventions in those cases involved tangible components, the components were conventional and were used in conventional ways. The same is true in this case, as the claimed cellular telephone is used to receive wireless signals, the claimed graphical user interface is used to display a menu of options to the user, and the claimed broadcasting system is used as the source of streaming content.

*Id.* at 1261.  [Emphasis added.]

On the same day the Federal Circuit decided *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, it held in *Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266 (Fed. Cir. 2016) that "the concept of delivering user-selected media content to portable devices is an abstract idea." *Id.* at 1269.  In affirming the lower court's conclusion that the "**idea of delivering media content to a wireless portable device is one of long standing**," the Federal Circuit reasoned that "**[i]t is not debatable, however, that the delivery of media content to electronic devices was well known long before the**

**priority date of the '085 patent**, and Affinity does not argue otherwise." *Id.* at 1271. [Emphasis added.]

Similar to the technology at issue in *TLI, Ultramercial, Affinity Labs vs. DIRECTV* and *Affinity Labs vs. Amazon*, the claim 12 of the '723 patent is directed to the abstract idea of establishing a communication link between two electronic devices, such that a security measure (like a password, firewall, etc.) associated with one of the devices can be bypassed. The idea of claim 12 at its core is simply placing two electronic devices in communication over a computer network. Placing electronic devices in communication via a computer network is not new. As *TLI, Ultramercial, Affinity Labs vs. DIRECTV* and *Affinity Labs vs. Amazon* make clear, this technology has existed for decades and is an abstract idea.

Claim 12 is thus fundamentally directed to an abstract idea (i.e. connecting two electronic devices over a computer network). Claim 12 merely recites a system for transmitting a digital media file from a media node to a media terminal over a communication link. The generic technological elements of the claim such as "media system," "media terminal," "interactive computer network," "media node," "wireless range," "authorized access," "digital media file," "communication link," and "security measure" individually, or collectively do not transform the abstract idea into something more. *See Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d at 1270 ("Yet the claim terms to which the magistrate judge referred, such as a 'network based media management system' and a 'graphical user interface,' are simply generic descriptions of well-known computer components.'"); *see also TLI Comm'ns LLC Patent Litig.*, 823 F.3d at 611 (physical components such as a telephone and a server "merely provide a generic environment in which to carry out the abstract idea"); *see also Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*,

811 F.3d 1314, 1324–25 (Fed. Cir. 2016) (claims reciting an "interface," "network," and "database" are directed to an abstract idea).

Whether or not the specifics of the technology transform the abstract idea such that it is an inventive concept is a question for the second step of the *Alice* framework. *See Ultramercial,* 772 F.3d at 715. ("We do not agree . . . that the addition of merely novel or non-routine components to the claimed idea necessarily turns an abstraction into something concrete. In any event, any novelty in implementation of the idea is a factor to be considered only in the second step of the *Alice* analysis.").

The specification identifies one problem with networking electronic devices over a computer network: security measures, such as passwords and/or firewalls.  [*See* '723 Patent at 1:58-64].   In terms of resolving this issue, the specification seems merely to describe a faster way to network electronic devices by bypassing them through the creation of a communication link in the computer network. Whether the novelty of this implementation of a communication link is sufficient to overcome the abstract idea at its core is a question for step two of the *Alice* analysis.  *See Ultramercial*, 772 F.3d at 715.  At the very least, though, the fact that the invention makes it easier for two devices to be placed in communication over a computer network demonstrates that the invention is directed to the abstract idea of connecting two electronic devices over a computer network.

2.      **The '723 Patent's Claims are abstract as they recite limitations in purely functional terms.**

"In applying the principles emerging from the developing body of law on abstract ideas under section 101, [the Federal Circuit] has noted that claims that are 'so result-focused, so **functional**, as to effectively cover any solution to an identified problem' **are frequently held ineligible under section 101**.'"   *See Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1258-1265 (Fed. Cir. 2016) (emphasis added) ("There is

nothing in claim 1 that is directed to how to implement out-of-region broadcasting on a cellular telephone"); *see also In re TLI Comm'ns LLC Patent Litig.*, 823 F.3d at 612 ("The specification fails to provide any technical details for the tangible components, but instead predominately describes the system and methods in purely functional terms.")

The '723 Patent's claims are purely functional and are therefore patent-ineligible under section 101.  For example, the specifications of the '723 only cite in a generic sense how the "communication link" is created.  It states "[a]t least one embodiment of the present system 10 further includes a communication link 70 structured to dispose the media terminal(s) 20 and the media node(s) 30 in a communicative relation with one another via the interactive computer network 40."   [*See* '723 Patent at 4:53-59.]   "In particular, the communication link 70 of the various embodiments of the present system 10 is created and/or requested by the media terminal 20."   [*See Id.*]   A "terminal program" for the media terminal and "one or more node programs" for the media nodes are mentioned as being "structured to facilitate the practice of the present system", though no more detail is given as to how these programs might create a communication link.  [*See Id.* at 4:53-57, 5:45-64.]

The Patent claims merely describe functional terms that are patent ineligible under Section 101.  *See Affinity Labs of Texas, LLC,* 838 F.3d at 1258-1265 ("There is nothing in claim 1 that is directed to how to implement out-of-region broadcasting on a cellular telephone.")

### 3.     The '723 Patent's claims are abstract because they cover well-known or fundamental concepts.

"The Supreme Court and [the Federal Circuit] have held that a wide variety of well-known and other activities constitute abstract ideas." *See Intellectual Ventures I LLC v. Erie Indem. Co.*, No. 2017-1147, 2017 WL 5041460, at *4 (the patent ineligible  "claims of the '298 patent merely implement an old practice in a new environment."); *see also Intellectual*

*Ventures I LLC v. Symantec Corp.*, 838 F.3d at 1314 (the patent ineligible claim "merely applies a well-known idea using a generic computer.")

Here, the claims of the '723 Patent do not apply the abstract idea to a "nascent" environment; they merely add the well-known, fundamental concept of placing two electronic devices in communication over a computer network. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 717 (Fed. Cir. 2014)( "Any transformation from the use of computers or the transfer of content between computers is merely what computers do and does not change the analysis."); *see also Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1269 ("the concept of delivering user-selected media content to portable devices is an abstract idea.")

As the Federal Circuit said in *Affinity Labs of Texas, LLC v. Amazon.com Inc.*, "**[i]t is not debatable**, however, that the **delivery of media content to electronic devices was well known *long* before the priority date** of the '085 patent, and Affinity does not argue otherwise." *Id.* at 1271.  As the '723 Patent applies the well-known, fundamental concept of placing two electronic devices in communication over a computer network, the claims are directed to a patent ineligible abstract idea.  *See FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1094 (Fed. Cir. 2016) (the patent ineligible "claims merely implement an old practice in a new environment."); *see also In re TLI Comm'ns LLC Patent Litig.*, 823 F.3d at 612 (the patent ineligible claims "are directed to the use of conventional or generic technology in a nascent but well-known environment, without any claim that the invention reflects an inventive solution to any problem presented by combining the two.")

**B.     The '723 Patent's claims fail to recite an inventive concept.**

The second step of the *Alice* test requires us to determine whether the subject patent's claims—when viewed individually and as an ordered combination—contain "an

inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application." *Intellectual Ventures I LLC v. Erie Indem. Co.*, No. 201-1147, 2017 WL 5041460, at *5. The "inventive concept" must "do significantly more than simply describe [the] abstract method," and must "transform' the claimed abstract idea into patent-eligible subject matter." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d at 715. It must include "additional features" that are more than "well-understood, routine, conventional activity." *See Id.*

"But when a claim directed to an abstract idea contains no restriction on how the result is accomplished and the mechanism is not described, although this is stated to be the essential innovation, then the claim is not patent-eligible." *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d at 1316 (Internal citation and punctuated omitted). "[T]he prohibition against patenting abstract ideas cannot be circumvented by . . . adding insignificant post[-]solution activity." *Bilski*, 561 U.S. at 610–11 (Internal quote and citation omitted.)

A simplification of claim 12 illustrates the key elements of the claim. When claim 12 is summarized and stripped of its conventional technological elements—"media system," "media terminal," "interactive computer network," "media node," "wireless range," "authorized access," "digital media file," "communication link," and "security measure"—, it is apparent not only that it covers an abstract idea but that it does not claim an inventive concept. Claim 12 could be summarized to read as follows: A media system comprising a media terminal and a media node, the media terminal receiving a digital media file from the media node via a communication link. The communication link is formed in an interactive computer network by the media terminal once it detects the media node. The communication link bypasses a media terminal security measure. [*See* '723 Patent at Claim 12.]

Read this summarized way, claim 12 merely recites a system for transmitting a digital media file from a media node to a media terminal over a communication link. The generic technological elements of the claim such as "media system," "media terminal," "interactive computer network," "media node," "wireless range," "authorized access," "digital media file," "communication link," and "security measure" individually, or collectively do not transform the abstract idea into something more. *See Alice*, 134 S.Ct. 2347, 2350 ("Neither stating an abstract idea while adding the words 'apply it,' nor limiting the use of an abstract idea 'to a particular technological environment,' is enough for patent eligibility.") (citations omitted) (internal quotation marks omitted); *see also Ultramercial,* 772 F.3d at 717 ("Any transformation from the use of computers or the transfer of content between computers is merely what computers do and does not change the analysis."); *see also Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266 at 1271 ("Features such as network streaming and a customized user interface do not convert the abstract idea of delivering media content to a handheld electronic device into a concrete solution to a problem.")

Furthermore, the specification of the '723 Patent only cites in a generic sense how the "communication link" is created.  It states "[a]t least one embodiment of the present system 10 further includes a communication link 70 structured to dispose the media terminal(s) 20 and the media node(s) 30 in a communicative relation with one another via the interactive computer network 40."  [*See* '723 Patent at 4:53-59.]  "In particular, the communication link 70 of the various embodiments of the present system 10 is created and/or requested by the media terminal 20."  [*See Id.*]  A "terminal program" for the media terminal and "one or more node programs" for the media nodes are mentioned as being "structured to facilitate the practice of the present system," though no more detail is given as to how these programs might create a communication link.  [*See Id.* at 4:53-57, 5:45-64.]  The

generic description of "communication link" and "terminal program" demonstrate that claim 12 of the '732 Patent does not claim an inventive step. *See Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d at 1271 ("The features set forth in the claims are described and claimed generically rather than with the specificity necessary to show how those components provide a concrete solution to the problem addressed by the patent.").

Moreover, the Detailed Description of the Patent makes clear that any generic media terminal can be used.  "Accordingly, as shown in Fig. 1, the medial terminal(s) 20 of the various embodiments described herein may include a computer, however, any device structured to facilitate the practice of the present system in the intended fashion may be utilized, including but in no way limited to a desktop computer, laptop or notebook computer, PDA, video game console, mobile telephone, media system of a vehicle (e.g., an automobile), etc." [*See* '723 Patent at 2:40-48.] [Brackets in the Original.]   The use of a generic/interchange media terminal demonstrates a lack of an inventive step. *See Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d at 1271 ("In particular, claim 14 requires a 'network based delivery resource,' but that does not make the claim a patent-eligible implementation of an abstract idea. . . .The specification makes clear that any technology capable of wireless communication of audio information to the device would be covered.")

Lastly, it is not apparent how this claimed invention is sufficiently transformed from a security measure being overcome by conventional means, such as simply inputting a password. Consequently, claim 12 would preempt the fundamental concept of placing electronic devices in communication, and more specifically placing a media terminal in communication with a media node (such as a mobile phone or a laptop) via a computer network.  Simpler or automated connection of computing devices does not save claim 12

16

from being directed to the abstract idea of placing electronic devices into communication. *See, e.g., Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1278 (Fed. Cir. 2012) ("To salvage an otherwise patent-ineligible process, a computer must be integral to the claimed invention, facilitating the process in a way that a person making calculations or computations could not."); s*ee also SiRF Tech., Inc. v. Int'l Trade Comm'n,* 601 F.3d 1319, 1333 (Fed.Cir.2010) ("In order for the addition of a machine to impose a meaningful limit on the scope of a claim, it must play a significant part in permitting the claimed method to be performed, rather than function solely as an obvious mechanism for permitting a solution to be achieved more quickly, i.e., through the utilization of a computer for performing calculations.").

In short, there is no inventive concept in the '723 Patent.  *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d at 1349 ("Indeed, all of the additional limitations in the claims cited in CET's appeal brief recite well-known, routine, and conventional functions of scanners and computers. Thus, while these claims may have a narrower scope than the representative claims, no claim contains an 'inventive concept' that transforms the corresponding claim into a patent-eligible application of the otherwise ineligible abstract idea.'")

**C.**    **The '723 Patent's Claims are unduly preempting the use of placing two electronic devices in communication over a computer network.**

As the '723 Patent's claims fail both steps of the *Alice* test, they are not patent eligible under Section 101, and the '723 Patent raises concerns with pre-emption.  The concern that drives the exclusionary principle is one of pre-emption. *See Alice*, 134 S. Ct. at 2354; *see also Bilski,* 561 U.S. at 611–612 (upholding the patent "would pre-empt use of this approach in all fields, and would effectively grant a monopoly over an abstract idea").  While preemption may "signal patent ineligible subject matter, the absence of complete preemption does not

demonstrate patent eligibility." *See EMG Tech., LLC v. Etsy, Inc.*, No. 616CV00484RWSJDL, 2017 WL 780648, at *3; *see also OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d at 1362-63 (Fed. Cir. 2015) (holding claims do not become "any less abstract" due to lack of complete preemption).

Accordingly, Courts invalidate claims with broad, functional features because they risk "monopoliz[ing] every potential solution to the problem." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d at 1356. Here, the '723 Patent's claims preempt any use of placing two electronic devices in communication over a computer network. As the *Ultramercial* Court explained, "the transfer of content between computers is merely what computers do[.]" *See Ultramercial,* 772 F.3d at 717.

Furthermore, the '723 Patent states in the Detailed Description that the alleged invention can be applied in limitless contexts, from a desktop computer, laptop or notebook computer, PDA, video game console, mobile telephone, media system of a vehicle (e.g., an automobile), etc." [*See* '723 Patent at 2:40-48.] [Brackets in the Original.] Thus, the abstract claims of the '723 Patent "would risk disproportionately tying up the use of the underlying idea" of placing two electronic devices in communication over a computer network "and are therefore ineligible for patent protection." *Alice*, 134 S. Ct.at 2354–55. Accordingly, this Court should grant Innovations' Motion to Dismiss Display's First Amended Complaint because the claims of the '723 Patent are patent-ineligible under 35 U.S.C. § 101.

### D. The Dependent Claims of the '723 Patent are patent-ineligible.

The analysis for dependent claims 14, 16, 17, and 20 are identical to that of independent claim 12. These four additional dependent claims add limitations to claim 12's "media system" where the transmission of the digital media file completely bypasses the security measure; the media system is an audio system; the communication link is a peer-to-

peer connection, a Bluetooth connection or a WiFi connection; and the media file is provided by the wireless device.  [*See* '723 Patent at 8:62-9:14.]

None of these four additional limitations changes the analysis related to the abstract idea and the failure to include an appropriate transformation—even if they implicate specific components or networking technologies.  *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014) ("The claims' invocation of the Internet also adds no inventive concept. As we have held, the use of the Internet is not sufficient to save otherwise abstract claims from ineligibility under § 101.")*; see also CyberSource,* 654 F.3d at 1370 (reasoning that the use of the Internet to verify credit card transaction does not meaningfully add to the abstract idea of verifying the transaction); s*ee also Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d at 1270 ("Yet the claim terms to which the magistrate judge referred, such as a 'network based media management system' and a 'graphical user interface,' are simply generic descriptions of well-known computer components.'"); *see also TLI Commc'ns LLC Patent Litig.*, 823 F.3d at 611 (physical components such as a telephone and a server "merely provide a generic environment in which to carry out the abstract idea"); *see also Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1324–25 (Fed. Cir. 2016) (claims reciting an "interface," "network," and "database" are directed to an abstract idea).

Importing requirements into claim 12's media system to completely bypass the security measure, require the media system to be an audio system, employing a specific existing networking technology, or having the wireless device provide the media file, does not make this abstract idea patentable.  Completely bypassing a security measure is the same as bypassing a security measure.  Requiring a media system to be an audio system, and requiring the communication link to comprise an existing networking technology adds

nothing new or inventive.  Nor does requiring the media file to be provided by the wireless device.

None of these limitations transforms the abstract idea of simply placing two electronic devices in communication over a computer network.  If the Court allowed such claims, the claims would preempt a fundamental and well-known practice of placing two electronic devices in communication over a computer network.  Thus, the dependent claims do not alter the fact that the claims are for "placing two electronic devices in communication over a computer network."  *See Ultramercial,* 772 F.3d at 717 ("the transfer of content between computers is merely what computers do[.]").  Without more, there is not an inventive concept to ensure that this is significantly more than the mere abstract idea. Therefore, these claims are also invalid under 35 U.S.C. § 101.

## VI.   **CONCLUSION**

The '723 Patent is patent-ineligible under 35 U.S.C. § 101 because it claims the abstract idea of placing two electronic devices in communication over a computer network. Furthermore, it fails to recite an "inventive concept" that would make the abstract idea patentable, and the '723 Patent would pre-empt use of placing two electronic devices in communication over a computer network and would effectively grant a monopoly over an abstract idea.  As the '723 Patent is patent-ineligible on its face, Display cannot state a claim for relief for patent infringement.  Therefore, this Court should grant Innovations' Motion to Dismiss the First Amended Complaint with prejudice.

February 5, 2018

OF COUNSEL:

BATES & BATES, LLC                        FERRY JOSEPH, P.A.

Andrea E. Bates (*Pro Hac Vice*)          */s/ Rick S. Miller*

Kurt W. Schuettinger (*Pro Hac Vice*)
1890 Marietta Boulevard NW
Atlanta, GA 30318
(404) 228-7439
abates@bates-bates.com
kschuettinger@bates-bates.com
*Attorneys for Defendant Innovations Brands, Inc.*

Rick S. Miller (#3418)
824 Market St., Suite 1000
P.O. Box 1351
Wilmington, DE 19899
(302) 575-1555
rmiller@ferryjoseph.com
*Attorney for Defendant Innovations Brands, Inc.*

21