**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GIBSON INNOVATIONS USA, INC.,<br><br>Defendant. | Civil Action No. 1:17-cv-01426-RGA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Display Technologies, LLC, files this Motion for Leave to file its Amended Complaint, attached hereto as Exhibit 1 as per L.R. 15.1(b), and, in support thereof, respectfully shows as follows:

1. Five issues must be analyzed to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. If none of these factors exist, the leave sought should be freely given. *Mullin v. Balicki*, 875 F.3d 140, 150 (3rd Cir. 2009) (*citing Foman v. Davis*, 371 U.S. 178, 183 (1962); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 202-03 (3rd Cir. 2006).

2. On February 14, 2018, the United States Court of Appeals for the Federal Circuit issued its opinion in *Aatrix Software, Inc. v. Green Shades Software, Inc.*, No. 2017-1452, 2018 U.S. App. LEXIS 3463 (Fed. Cir. Feb. 14, 2018). In *Aatrix*, the plaintiff moved for leave to amend its complaint to add allegations regarding what was unconventional about the invention claimed in the patent-in-suit at the time of the invention after the trial court granted a motion to dismiss based on patent ineligibility under 35 U.S.C. § 101. *Aatrix* at *4-5. The Federal Circuit

held that it was an abuse of discretion for the District Court to deny leave to amend because the "allegations, if accepted as true, contradict the district court's conclusion that claimed combination was unconventional or routine." *Id*. at *12.

3. Like in *Aatrix*, Plaintiff seeks leave to amend its complaint to show how the claimed invention was neither conventional nor routine at the time of the invention. Accordingly—although there has been no determination regarding patent eligibility of the claims at issue as of yet—granting leave to amend the Complaint is appropriate.

4. Additionally, granting Plaintiff leave to amend the Complaint will not cause undue delay as this case is at a very early stage. Also, Plaintiff is willing to stipulate to an abbreviated briefing schedule in the event Defendant chooses to file a motion to dismiss in response to the amended complaint. The previous amendment was to name the proper party to the original Complaint.

5. This Motion is not made in bad faith or with dilatory motive. The Motion is entirely based upon the recent precedent from the Federal Circuit and is aimed at ensuring that this Court's ruling on a motion to dismiss—if re-urged—is made in light of a proper determination under the Rules of what was "conventional" at the time of the invention.

6. There have been no previous failures to cure deficiencies in previous amendments in this case.

7. Defendant will not be prejudiced if the Motion is granted. As stated above, Plaintiff is willing to agree to an abbreviated briefing schedule if Defendant chooses to file a motion to dismiss in response to the amended complaint.

8. Lastly, the proposed amendment will not be futile. Here, the amended complaint alleges in-part, that the claimed invention requires the "bypassing" of a "security measure" and

that such a feature is "an improvement of the operation and efficiency of the system." It further avers that the "feature is not conventional, or routine, nor is it obvious since security measures are typically put in place to be used, not bypassed." Therefore, as in *Aatrix*, the amendment proposed here is not futile. *Aatrix*, 2018 U.S. App. LEXIS 3463 at * 18 ("allowing Aatrix to file the proposed amended complaint would not have been futile").

9. Plaintiff, therefore, respectfully requests that it be granted leave to file the attached Amended Complaint.

Dated: March 21, 2018

| | |
|---|---|
| OF COUNSEL: | BAYARD, P.A. |
| Thomas C. Wright | /s/ Stephen B.Brauerman |
| Cunningham Swaim, LLP | Stephen B. Brauerman (#4952) |
| 7557 Rambler Road, Suite 400 | Sara E. Bussiere (#5725) |
| Dallas, TX 75231 | 600 North King Street, Suite 400 |
| (214) 646-1495 | Wilmington, DE 19801 |
| twright@cunninghamswaim.com | sbrauerman@bayardlaw.com |
| | sbussiere@bayardlaw.com |
| | *Attorneys for Plaintiff* |
| | *Display Technologies, LCC* |