# EXHIBIT C

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>  Plaintiff,<br><br>v.<br><br>**GIBSON INNOVATIONS USA, INC.,**<br><br>  Defendant. | ~~C.A. No. 17-1426-RGA~~<br><br>**Civil Action No. 1:17-cv-01426-RGA**<br><br>**JURY TRIAL DEMANDED** |

## ~~FIRST~~ SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Display Technologies, LLC ("Plaintiff") files this ~~First~~ Second Amended Complaint against Gibson Innovations USA, Inc. ("Defendant") alleging as follows:

### PARTIES

1. Plaintiff Display Technologies, LLC is limited liability company organized under the state of Texas having a principal place of business at 1400 Preston Road, Ste. 400, Plano, TX 75093.

2. Upon information and belief Defendant is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3015 Windward Plaza, Suite 100, Alpharetta, GA 30005. Defendant ~~may be served through its registered agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, DE 19808~~has been served with process and has made an appearance herein.

### JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district under 28 U.S.C. § 1400(b). Upon information and belief, Defendant resides in this state.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this judicial district.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 9,300,723)

6. On March 29, 2016, United States Patent No. 9,300,723 (the "'723 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Enabling Social Interactive Wireless Communications." A true and correct copy of the '723 Patent is attached hereto as Exhibit A.

7. Mr. Leigh M. Rothschild is listed as the inventor of the '723 Patent.

8. Plaintiff is the owner by assignment of the '723 Patent with all rights in and to that patent.

9. Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, HTB3520, HTB3550, HTB3580, BT4080B/37, BT6000W/37, BT6000R/37, BT6000B/37, and BT6000C/37 (collectively the "Accused Instrumentalities")) that infringe claims 12, 14, 16, 17, and 20 of the '723 Patent.

10. Upon information and belief, Defendant has been and is now infringing claims 12, 14, 16, 17, and 20 of the '723 Patent in the State of Delaware, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries,

making, using, importing, selling and/or offering for sale media systems with NFC and Bluetooth, *i.e.*, the Accused Instrumentalities which all operate in substantially the same manner covered by one or more claims of the '723 Patent to the injury of Plaintiff.  Defendant is thus infringing, literally infringing, and/or infringing the '723 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '723 Patent pursuant to 35 U.S.C. §. 271(a).

11. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '723 Patent complied with such requirements.

12. The Accused Instrumentalities infringe claim 12 of the '723 Patent, and includes a wireless receiver (*i.e.*, a Bluetooth network adapter); a security measure (*i.e.*, security measures such as a Bluetooth PIN); and the media system disposed in an accessible relation to at least one interactive computer network that has a wireless range structured to permit authorized access to said at least one interactive computer network (*i.e.*, a NFC chip which allows access to the Bluetooth network), the wireless mobile device within said wireless range, wherein said wireless mobile device is detectable by said media system (*i.e.*, the Accused Instrumentality automatically detects a smartphone with NFC when placed within NFC range of the Accused Instrumentality), at least one digital media file initially disposed on the wireless mobile device (*i.e.*, the smartphone includes one or more digital media files such as music files), said media system being structured to detect said wireless mobile device disposed within said wireless range (*i.e.*, the Accused Instrumentality automatically detects the smartphone when placed within NFC range), a communication link structured to dispose said media system and said wireless mobile device in a communicative relation with one another via said at least one interactive computer network (*i.e.*, the Accused Instrumentality includes a Bluetooth network adapter which places the

NFC capable smartphone and the Accused Instrumentality in communication with one another), said communication link being initiated by said media system (*i.e.*, it initiates the Bluetooth connection with the NFC capable smartphone), said wireless mobile device and media system being structured to transmit said at least one digital media file therebetween via said communication link (*i.e.*, the Accused Instrumentality includes a Bluetooth adapter which allows for the transmission of files between itself and the wireless mobile device), and said communication link is structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system (*i.e.*, the Accused Instrumentality bypasses the security measure of the Bluetooth network adapters using the NFC adapter, for the limited purpose of playing one or more digital media files). *See* Ex. B, Figs. 1-3.

13. The Accused Instrumentalities infringe claim 14 of the '723 Patent, wherein the transmission of the at least one digital media file from the wireless mobile device to the media system completely bypasses the security measure (*i.e.*, the Wi-Fi security settings such as encryption or password requirements are completely bypassed for the purpose of transmitting the digital media file such as a photo). *See* Ex. B, Figs. 1-3.

14. The Accused Instrumentalities infringe claim 16 of the '723 Patent, as it is an audio system. *See* Ex. B. Figs, 1-4.

15. The Accused Instrumentalities infringe claim 17 of the '723 Patent, wherein the communication link is at least one of a peer-to-peer connection, Bluetooth connection, and a Wi-Fi connection (*i.e.*, a Bluetooth connection). *See* Ex. B, Figs. 1-3.

16. The Accused Instrumentalities infringe claim 20 of the '723 Patent, wherein the at least one media file is provided by the wireless mobile device (*i.e.*, the digital media file is provided by the NFC smartphone). *See* Ex. B, Figs. 1-3.

17. The inventions claimed in the '723 patent require the bypassing of a "security measure" in order to transfer an electronic file. This represents an improvement over prior art systems that require the use of, not the bypassing of, a security measure in order to transfer a file over a network. As such, this feature is not conventional or routine, nor is it obvious since security measures are typically put in place to be used, not bypassed. This inventive concept constitutes an improvement of the operation and efficiency of the system by simplifying file transfers for users who are in a position to know that there is no need to comply with the requirements of a security measure for certain file transfers.

18. ~~17.~~ As a result of the Defendant's infringement of the '723 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

19. ~~18.~~ Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '723 Patent, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '723 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in

active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '723 Patent, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '723 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 21, 2018

~~Dated: December 12, 2017~~                              BAYARD, P.A.

OF COUNSEL:                                              /s/ Stephen B.Brauerman
                                                         Stephen B. Brauerman (#4952)
Thomas C. Wright                                         Sara E. Bussiere (#5725)
Cunningham Swaim, LLP                                    600 North King Street, Suite 400
7557 Rambler Road, Suite 400                             Wilmington, DE 19801
Dallas, TX 75231                                         sbrauerman@bayardlaw.com
(214) 646-1495                                           sbussiere@bayardlaw.com
twright@cunninghamswaim.com

                                                         ~~*Attorneys for Plaintiff Display Technologies, LLC*~~
                                                         *Attorneys for Plaintiff*
                                                         *Display Technologies, LLC*