# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DISPLAY TECHNOLOGIES LLC,**<br><br>Plaintiff,<br>v.<br><br>**GIBSON INNOVATIONS USA, INC.,**<br><br>Defendant. | Civil Action No. 17-cv-1426-RGA<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

### GIBSON INNOVATIONS USA, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS DISPLAY TECHNOLOGIES, LLC'S FIRST AMENDED COMPLAINT

Defendant Gibson Innovations USA, Inc. ("Innovations") hereby files its Reply Brief in Support of Its Motion to Dismiss Display Technologies, LLC's ("Display") First Amended Complaint [D.I. 12], respectfully showing the Court as follows:

In Display's Response to Innovations' Motion to Dismiss, Display *requests* the Court extend the deadline for it to "respond to the present motion until the motion for leave is resolved," citing its Motion for Leave to File a Second Amended Complaint that Display filed concurrently with its Response Brief. [D.I. 18, 1.] Innovations will respond to Display's Motion for Leave to File a Second Amended Complaint at the appropriate time; its response will be that the proposed second amended complaint would be futile for the same reason the First Amended Complaint should be dismissed, *i.e.*, the asserted claims are invalid under 35 U.S.C. § 101.

As to Display's *request* in its Response Brief that the Court extend the deadline to respond to Innovations' Motion to Dismiss, Display's *request to move the Court* should have

been brought by separate motion rather than in its Response Brief to Innovations' Motion to Dismiss. *See Abbott Labs. v. Lupin Ltd.*, No. CIV.A. 09-152-LPS, 2011 WL 1897322, at *6 (D. Del. May 19, 2011) ("The Court will deny Abbott's request. The proper way for Abbott to have made this request would have been in a separate motion.") (citing D. Del. LR 7.1.2. ("Unless otherwise ordered, all requests for relief shall be presented to the Court by Motion.")

Therefore, this Court should deny the request and rule on Innovations' Motion to Dismiss. *See Abbott Labs. v. Lupin Ltd.*, 2011 WL 1897322 at *6 ("The Court should not have to go hunting for hidden motions that are embedded in parties' briefs on other motions."); *see also Biovail Labs. Int'l SRL v. Cary Pharm. Inc.,* No. CIV.09-605-JJF-LPS, 2010 WL 2132021, at *3 (D. Del. May 26, 2010) (denying request to strike declaration brought up in the "last portion of" the answering brief.)

Accordingly, this Court should grant Innovations' Motion to Dismiss the First Amended Complaint with Prejudice because the asserted claims of U.S. Patent No. 9, 300, 723 are invalid under 35 U.S.C. § 101.

Dated: March 28, 2018

OF COUNSEL:

| | |
|---|---|
| BATES & BATES, LLC | FERRY JOSEPH, P.A. |
| Andrea E. Bates (*Pro Hac Vice*)<br>Kurt W. Schuettinger (*Pro Hac Vice*)<br>1890 Marietta Boulevard NW<br>Atlanta, GA 30318<br>(404) 228-7439<br>abates@bates-bates.com<br>kschuettinger@bates-bates.com<br>*Attorneys for Defendant Gibson Innovations* | /s/ *Rick S. Miller*<br>Rick S. Miller (#3418)<br>824 Market St., Suite 1000<br>P.O. Box 1351<br>Wilmington, DE 19899<br>(302) 575-1555<br>rmiller@ferryjoseph.com<br>*Attorney for Defendant Gibson Innovations* |